1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN HAYNES,

11              Plaintiff,                    No. 2:11-cv-0730 DAD

12        vs.

13   CAROLYN W. COLVIN,                       ORDER
     Commissioner of Social Security,
14
                Defendant.
15   _____/

16             This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-

19   motion is denied, the decision of the Commissioner of Social Security (Commissioner) is

20   reversed, and the matter is remanded for further proceedings consistent with this order.

21                               **PROCEDURAL BACKGROUND**

22             On June 21, 2007, plaintiff filed an application for Disability Insurance Benefits

23   (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income

24   (SSI) under Title XVI of the Act, alleging disability beginning on January 30, 2002.  (Transcript

25   (Tr.) at 109-11.)  Plaintiff's application was denied initially and upon reconsideration.  (Id. at 70-

26   79.)  A hearing was held before an Administrative Law Judge (ALJ) on April 1, 2009.  (Id. at 25-

62.)  Plaintiff was represented by counsel and testified at the administrative hearing.  In a decision issued on November 20, 2009, the ALJ found that plaintiff was not disabled.  (Id. at 11-20.)  The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2005.  However, the record is devoid of objective evidence of record or clinical finding which would support disability being established before June 30, 2005.
>
> 2.  The claimant has not engaged in substantial gainful activity since January 30, 2002, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).  Nonetheless, in support of the alleged onset date the claimant was not disabled prior to June 30, 2005 and is therefore not entitled to a Title II disability benefits prior to June 30, 2005 the date last insured.
>
> 3.  The claimant has the following medically determinable impairments: should injury, tendonitis in elbow, arthritis in hand, hepatitis C, kidney stones, and depression (20 CFR § 404.1521 *et seq*. and 416.921 *et seq*.).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d)d (sic), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to simple unskilled work.
>
> 5. (sic)  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 6.  The claimant was born on March 8, 1955, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 8.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

10.  The claimant has not been under a disability, as defined in the Social Security Act, from January 30, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 13-19.)

On January 14, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 16, 2011.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

3

1   Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

2   improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

3   1335, 1338 (9th Cir. 1988).

4            In determining whether or not a claimant is disabled, the ALJ should apply the

5   five-step sequential evaluation process established under Title 20 of the Code of Federal

6   Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

7   The five-step process has been summarized as follows:

8            Step one:  Is the claimant engaging in substantial gainful activity?
             If so, the claimant is found not disabled.  If not, proceed to step
9            two.

10           Step two:  Does the claimant have a "severe" impairment?  If so,
             proceed to step three.  If not, then a finding of not disabled is
11           appropriate.

12           Step three:  Does the claimant's impairment or combination of
             impairments meet or equal an impairment listed in 20 C.F.R., Pt.
13           404, Subpt. P, App. 1?  If so, the claimant is automatically
             determined disabled.  If not, proceed to step four.

14
             Step four:  Is the claimant capable of performing his past work?  If
15           so, the claimant is not disabled.  If not, proceed to step five.

16           Step five:  Does the claimant have the residual functional capacity
             to perform any other work?  If so, the claimant is not disabled.  If
17           not, the claimant is disabled.

18   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

19           The claimant bears the burden of proof in the first four steps of the sequential

20   evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

21   sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

22   (9th Cir. 1999).

23                                     **APPLICATION**

24           Plaintiff argues that the ALJ committed the following four principal errors in

25   finding him not to be disabled:  (1) the ALJ's failed to properly characterize the medical

26   evidence; (2) the ALJ failed to adequately develop the record; (3) the ALJ failed to credit

4

1    plaintiff's testimony without a legitimate reason for doing so; and (4) the ALJ failed to utilize the

2    expertise of a Vocational Expert.

3    **I.      Medical Evidence & Failure to Develop The Record**[1]

4            Plaintiff argues that the ALJ's opinion finding him not to be disabled ignores

5    significant and compelling evidence regarding plaintiff's mental impairment and that the ALJ

6    failed to develop the record, specifically by failing to order an updated consultative examination.

7    (Pl.'s MSJ (Doc. No. 14) at 20-25[2].)

8            The ALJ has an affirmative duty to assist a claimant in developing the record at

9    every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also

10   Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly

11   develop record and to assure that claimant's interests are considered).  One of the tools available

12   to an ALJ in developing a record is the consultative examination.  See 20 C.F.R. §§ 404.1512(e),

13   404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about

14   your impairment for us to determine whether you are disabled . . ., we may ask you to have one

15   or more physical or mental examinations or tests.").  The Commissioner has broad latitude in

16   ordering such an examination and the government is not required to bear the expense of

17   examination for every claimant.  See Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001).

18   However, a consultative examination is normally required where there is an indication of a

19   change in a claimant's condition that is likely to affect the claimant's ability to work, and the

20   current severity of the claimant's impairment is not established.  See 20 C.F.R. §

21   404.1519a(b)(4).

22   /////

23

24         [1] Although plaintiff's motion sets forth these issues as two separate claims, because they
     are interrelated the court will address them together.

25

26         [2] Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

1    Here, the ALJ's opinion relied considerably on the consultative examination of

2 Dr. Timothy Canty, who examined plaintiff on September 26, 2007, for a psychiatric evaluation.

3 (Tr. at 273.)  In this regard, the ALJ stated in his decision:

4           To fully delineate the claimant's mental status, the claimant
            underwent a consultative psychiatric evaluation In (sic) September
5           2007 conducted by Timothy Canty, M.D.  However, he appears to
            have already responded to treatment.  He shows up early and does
6           not have any significant psychiatric complaints or neurovegetative
            symptoms.  He is planning on volunteering at the homeless shelter
7           with hope of getting fulltime employment.  He has a past history of
            cocaine abuse in remission for about 16 years.  His mental status
8           examination is essential (sic) normal and a GAF of 80 which
            would indicate no more than slight impairment in social or
9           occupational functioning.  In summary, the claimant's impairment
            appears non-severe (Exhibit 5F, 7F).

10

11 (Id. at 17.)

12    Dr. Canty's examination, however, was conducted over a year and a half prior to

13 the administrative hearing before the ALJ in this case and evidence from plaintiff's medical

14 records indicated that plaintiff's condition may have worsened during that year and a half period

15 of time.[3]  In this regard, on March 3, 2009, plaintiff was seen by Dr. Han Nguyen for an Adult

16 Mental Health Services Annual Medication Service Plan.  (Id. at 408.)  According to Dr.

17 Nguyen's report, at that time plaintiff's speech was "loud, fast" and his mood was "depressed."

18 (Id. at 409.)  Dr. Nguyen diagnosed plaintiff as suffering from "Bipolar d/o, MRF, depressed,

19 severe without psychosis" and found his GAF at that time was only 50.[4]  (Id. at 408.)

20

21    [3]  Moreover, it appears that Dr. Canty's review of plaintiff's medical record may have
been limited to merely "two notes from Sacramento County Mental Health."  (Tr. at 273.)

22

23    [4]  A GAF score represents a present rating of overall psychological functioning on a scale
of 0 to 100.  See DIAGNOSTIC AND STATISTICAL MANUAL OF DISORDERS, at 34 (Am. Psychiatric
Ass'n, 4th Ed. 2000) ("DSM-IV").  See also Keyser v. Commissioner Social Sec. Admin., 648
24 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's
psychological, social, and occupational functioning used to reflect the individual's need for
25 treatment.").  A GAF score in the range of 41 to 50 denotes: "Serious symptoms (e.g., suicidal
ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social,
26 occupational, or school functioning (e.g., no friends, unable to keep a job)."  DSM-IV at 34.

1    Despite this evidence of a possible change in plaintiff's condition, the ALJ did not

2 order an updated consultative examination.  Moreover, the ALJ's opinion fails to address the

3 discrepancy between Dr. Canty's findings and Dr. Hguyen's report and affirmatively misstates

4 the record, claiming that "the record does not reflect any objective or clinical finding that show

5 (sic) the claimant has been diagnosed with bipolar disorder."  (Id. at 15.)  As noted above, Dr.

6 Nguyen diagnosed plaintiff as suffering from bipolar disorder in his March 3, 2009 Adult Mental

7 Health Services Annual Medication Service Plan report.  (Id. at 408.)  Moreover, Dr. Nguyen's

8 diagnosis was rendered much more recently than Dr. Canty's findings.

9    The ALJ's failure to address Dr. Nguyen's report, and to develop the record fully

10 through an updated consultative examination, constitutes legal error.  See Lingenfelter v. Astrue,

11 504 F.3d 1028, 1037-38 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)

12 (finding legal error where ALJ ignored medical evidence of claimant's impairments without

13 explanation); Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error

14 where ALJ's findings ignored medical evidence without giving specific, legitimate reasons for

15 doing so), superceded by statute on another point as stated in Bunnell v. Sullivan, 912 F.2d 1149

16 (9th Cir. 1990).

17    Accordingly, the court finds that plaintiff is entitled to summary judgment in his

18 favor with respect to his contention that the ALJ erred the in failing to properly characterize the

19 medical evidence of record and in failing to adequately develop the record.

20                                          **CONCLUSION**

21    With error established, the court has the discretion to remand or reverse and award

22 benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

23 would be served by further proceedings, or where the record has been fully developed, it is

24 appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

25 Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues

26 that must be resolved before a determination can be made, or it is not clear from the record that

1    the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

2    remand is appropriate. Id. at 594.

3           Here, this case must be remanded to allow the ALJ to consider Dr. Nguyen's

4    report and, if necessary, to order a timely consultative examination.[5] See Cotton, 799 F.2d at

5    1408-09.  Moreover, depending upon the nature of any new evidence and after reevaluating all of

6    the evidence of record, the ALJ may well elect to reconsider his treatment of plaintiff's testimony

7    and may also deem it appropriate to conduct a supplemental hearing with testimony from a

8    vocational expert.

9           Accordingly, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's motion for summary judgment (Doc. No. 14) is granted;

11        2.  Defendant's cross-motion for summary judgment (Doc. No. 15) is denied;

12        3.  The Commissioner's decision is reversed; and

13        4.  This matter is remanded for further proceedings consistent with this order.

14   DATED: February 26, 2013.

15

16   _Dale A. Drozd_

17   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

18   DAD:6
     Ddad1/orders.soc sec/haynes0730.order

19

20

21

22

23

24

---

25      [5]  Although finding it unnecessary to address plaintiff's remaining claims, the court has
     nonetheless examined those claims and determined that remanding this matter for further
26   proceedings, as oppose to reversing and awarding benefits, is appropriate.